92 F.3d 1186
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gloria YORK, Plaintiff-Appellee,
v.
George A. BISKUP, Defendant-Appellant.
 No. 96-3552.
 United States Court of Appeals, Sixth Circuit.
 Aug. 6, 1996.
 
 Before: GUY, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The defendant appeals a district court order denying his motion for summary judgment on grounds of qualified immunity in this police brutality case brought under 42 U.S.C. § 1983. The plaintiff now moves to dismiss the appeal and requests an award of costs and fees. The defendant has filed a response in opposition.
 
 
 2
 "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). Issues regarding the sufficiency of the evidence are, however, not immediately appealable under Forsyth. Johnson v. Jones, 515 U.S. ----, 115 S.Ct. 2151, 2156 (1995); Noble v. Schmitt, No. 94-5697, slip op. at 11 (6th Cir. June 14, 1996). The holding in Johnson was recently clarified in Behrens v. Pelletier, 116 S.Ct. 834 (1996). If what is at issue "is nothing more than whether the evidence could support a finding that particular conduct occurred," the question is not immediately appealable. Id. at 842. Nevertheless, Johnson also "reaffirmed that summary judgment determinations are appealable when they resolve a dispute concerning an abstract issue of law relating to qualified immunity,--typically the issue whether the federal right allegedly infringed was clearly established." Id. (internal quotations and citations omitted). "Even when the district court denies summary judgment without stating its reasons for doing so, [as occurred in this case] a court of appeals may decide the legal question underlying the qualified immunity defense." Christophel v. Kukulinsky, 61 F.3d 479, 485 (6th Cir.1995).
 
 
 3
 The defendant, a state highway trooper, admits he used force in arresting the plaintiff but claims he was justified in doing so. He argues that his actions were, at all times, in accordance with state highway patrol policies and procedures and that he is therefore entitled to immunity. He does not, however, cite any departmental policy or procedure that would authorize his conduct if the plaintiff's version of the facts is credited over his own. In ruling on a defendant's motion for summary judgment, the court must view the facts in the light most favorable to the plaintiff and resolve all reasonable inferences in favor of plaintiff. See Washington v. Newsom, 977 F.2d 991 (6th Cir.1992), cert. denied, 507 U.S. 1031 (1993). Whether the plaintiff will ultimately be able to prove her version of events is a "sufficiency of the evidence" issue which this court may not consider at this time.
 
 
 4
 Under Rule 38, Fed.R.App.P., this court may award "just damages and single or double costs to the appellee" if it is determined that an appeal is frivolous. "An appeal is frivolous if it is obviously without merit and is prosecuted for delay, harassment, or other improper purposes." Dallo v. INS, 765 F.2d 581, 589 (6th Cir.1985). Upon review and consideration, we conclude that the plaintiff has not made such a showing.
 
 
 5
 It is therefore ORDERED that the plaintiff's motion to dismiss is granted. The plaintiff's request for costs and fees is denied.